IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILIP ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-1166-NJR |
| ) | |
| ADAM M. PUCKETT, DARREN N. ) | |
| WILLIAMS, SHANAE B. ) | |
| GILLENWATER, DEANNA M. ) | |
| BROOKHART, and J. GARRETT, ) | |
| ) | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Philip Anderson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Hill Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Lawrence Correctional Center ("Lawrence"). In his Complaint (Doc. 1), Anderson alleges Defendants violated his procedural due process rights in violation of the Fourteenth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Anderson makes the following allegations in the Complaint (Doc. 1): On April 27, 2021, Anderson received an investigative status report written by Correctional Officer Vaughn which placed Anderson in investigative status (*Id.* at p. 6). On May 7, 2021, Adam M. Puckett wrote a disciplinary report charging him with several violations (*Id.*). The report alleged that he had introduced a synthetic drug into the prison on paper and that six confidential informants had exposed Anderson's actions. Puckett and another officer later informed Anderson that no drugs were actually found (*Id.*). Anderson had no knowledge of the drugs and he did not impede the investigation, yet he was charged with "Impeding or Interfering with an Investigation," in addition to the charges related to the contraband (*Id.* at pp. 6 and 23). The disciplinary report failed to explain the personal information that was obtained, which was a violation of the Illinois Administrative Code. Puckett failed to sign the report, also a violation of the Code (*Id.* at p. 8).

The adjustment committee members, including Darren Williams and Shanae Gillenwater, heard his disciplinary report and failed to take any corrective measures based on the unsubstantiated report (*Id.* at p. 9). On May 13, 2021, they found him guilty of the charges, despite lacking the necessary information to substantiate the claim. Anderson alleges that they failed to safeguard his procedural due process rights (*Id.* at pp. 9-10). Brookhart signed off on the disciplinary report and failed to safeguard Anderson's due process rights. J. Garrett was the grievance officer at the time Anderson

filed his grievance and he failed to use his position as the grievance officer to take corrective measures in response to the grievance (*Id.* at p. 9). He also failed to safeguard Anderson's due process rights. He spent 80 days in the restrictive housing unit and then was sentenced to three months C grade, six months segregation, disciplinary transfer, and six months contact visit restrictions. Anderson filed a grievance on the disciplinary proceedings. On June 26, 2021, the Administrative Review Board expunged the finding of guilt because the Final Summary failed to provide that the substance was observed, tested, and documented and failed to add specific information in the Basis of Decision to substantiate the finding of guilt (*Id.* at p. 21). The disciplinary report was dismissed and expunged, and Anderson was released from his disciplinary sentence (*Id.*).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate the following single count:

> **Count 1:** Fourteenth Amendment procedural due process claim against Adam M. Puckett, Darren N. Williams, Shanae Gillenwater, Deanna Brookhart, and J. Garrett.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is

3

Simply put, Anderson fails to state a due process claim. An inmate's liberty interests are protected by the Due Process Clause only insofar as a deprivation of the interest at issue would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Neither the C grade, visit restrictions, nor transfer constitute the deprivation of a liberty interest. *Thomas v. Ramos*, 130 F.3d 754, 762 n. 8 (7th Cir. 1997) (collecting cases).

Although Anderson alleges that he was sentenced to six months of segregation and spent 80 days in the restrictive housing unit, that alone is not enough to state a deprivation of a liberty interest. *Thomas*, 130 F.3d at 761 (70 days not enough on its own). In assessing whether disciplinary segregation amounts to a constitutional violation, a court must examine the length of a prisoner's confinement in segregation in combination with the conditions he endured there. *Kervin v. Barnes*, 787 F.3d 833, 836-37 (7th Cir. 2015); *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). Simply pleading that imposition of disciplinary segregation, "without additional facts about the conditions of confinement, would not implicate a liberty interest." *Miller v. Maue*, 759 F. App'x 515, 516 (7th Cir. 2019) (citations omitted). Anderson does not indicate whether he served any time in disciplinary segregation prior to the sentence being expunged or, if he did, what conditions he experienced while in segregation.

---

plausible on its face"). This includes Anderson's conspiracy claim and Fourth Amendment unlawful restraint claim.

Thus, Anderson fails to state a viable procedural due process claim at this time.[2] If Anderson wishes to proceed with his claim, he would need to file a First Amended Complaint. His Amended Complaint should set forth facts indicating whether he was deprived of a liberty interest, by offering facts to describe the conditions he faced while in segregation.

### Pending Motions

As to Anderson's motion for counsel (Doc. 3), he states that he has his G.E.D. but does not understand the law. Further, he has not identified any attorneys whom he has contacted to represent him, although he does indicate that his movement and phone privileges are limited due to a quarantine at Lawrence. But Anderson is no longer housed at Lawrence, and he does not indicate whether he has the same restrictions at his current location. Thus, the Court **DENIES** his motion for counsel. Should he choose to move for recruitment of counsel at a later date, the Court directs Anderson to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has

---

[2] Anderson must sufficiently allege that he was deprived of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A court analyzing such a claim in the context of inmate disciplinary actions must consider (1) whether there was a protected interest at stake that necessitated due process protections and (2) whether the disciplinary proceedings were conducted in accordance with procedural due process requirements. *Id.* at 125-26. His Complaint does allege that he was denied due process rights in that the disciplinary report and findings of the committee were not supported by the evidence. *See Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007) (The decision of the adjustment committee must be supported by "some evidence.").

contacted, and (3) if available, attach the letters from the attorneys who declined representation.

### Disposition

For the reasons stated, Anderson's Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim.

Anderson is **GRANTED** leave to file a "First Amended Complaint" on or before **February 25, 2022**. Should Anderson fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Anderson's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Anderson must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Anderson is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and

payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Anderson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: January 25, 2022

*[signature]*

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**