IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PHILIP ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-1166-NJR |
| | ) | |
| | ) | |
| ADAM M. PUCKETT, DARREN N. WILLIAMS, DEANNA M. BROOKHART, and J. GARRETT, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Philip Anderson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Hill Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Lawernece Correctional Center ("Lawrence"). Anderson initially filed a Complaint alleging Defendants violated his procedural due process rights in violation of the Fourteenth Amendment (Doc. 1). His Complaint was dismissed for failure to state a claim, and he was granted leave to amend his Complaint. This matter is before the Court on Anderson's Amended Complaint (Doc. 14). His Amended Complaint also alleges a violation of due process rights, as well as a conditions of confinement claim for the conditions of his segregation cell.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

1

granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In his Amended Complaint, Anderson makes the following allegations: On April 27, 2021, Anderson received an investigative status report and was confined in segregation (Doc. 14, p. 4). On May 7, 2021, he received a disciplinary ticket for introducing drugs into the institution (*Id.*).

Adam Puckett was the intelligence officer at Lawernce who conducted the investigation. Anderson alleges that he failed to conduct a bare minimum investigation into the charges. Darren Williams was a member of the adjustment committee (*Id.* at p. 5). Anderson alleges that he also failed to investigate the disciplinary ticket, even though he had a full 12 days to investigate prior to the hearing (*Id.*). J. Garrett signed off on the guilty finding without investigation (*Id.* at p. 6). Anderson alleges that if Garrett had properly read the report, he would have found there was no basis for the charges (*Id.*). Deanna Brookhart also signed off on the documents approving the disciplinary report (*Id.* at p. 5).

Anderson was found guilty of the charge and served 80 days in segregation (*Id.* at p. 4). While in segregation, Anderson was denied access to his property, denied commissary items, writing and reading material, and telephone access. He was also provided with limited toilet paper and no toothpaste or toothbrush (*Id.* at pp. 4-5). He was also denied outside correspondence and privileged correspondence because the claims against him were that he received drugs through the mail (*Id.* at pp. 5-6). He also spent three weeks in a cell covered in feces and lacked a working toilet for several days (*Id.* at p. 4). He labeled the cell as condemned (*Id.* at p. 6).

The disciplinary ticket was expunged by the Administrative Review Board and Anderson was released from segregation (*Id*. at p. 4) .

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following Counts:

**Count 1:** Fourteenth Amendment procedural due process claim against Adam M. Puckett, Darren N. Williams, Deanna Brookhart, and J. Garrett.

**Count 2:** Eighth Amendment conditions of confinement claim against Adam M. Puckett, Darren N. Williams, Deanna Brookhart, and J. Garrett for the conditions of his segregation cell.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this stage, Anderson states a viable due process claim against Defendants in Count 1. He alleges that he faced an atypical and significant hardship while in segregation. He also alleges that Defendants did not properly investigate the ticket and it was not support by the

---

[1] This includes any potential claim under the First Amendment against Brookhart and Williams for allegedly denying him access to correspondence. There are no factual allegations to suggest that Brookhart or Williams were aware that Anderson was denied access to correspondence. Instead, Anderson merely alleges that Defendants' actions led him to be denied access to correspondence which is not enough. He also does not indicate what correspondence he failed to receive during his time in segregation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

evidence. *See Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). He also states a viable conditions of confinement claim in Count 2.

## Disposition

For the reasons stated above, Counts 1 and 2 shall proceed against Adam M. Puckett, Darren N. Williams, Deanna Brookhart, and J. Garrett.

The Clerk of Court shall prepare for Defendants Adam M. Puckett, Darren N. Williams, Deanna Brookhart, and J. Garrett: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Anderson. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Anderson, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Anderson, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Anderson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 6, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**